## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23320-CIV-LENARD/GOODMAN

**HUMBERTO ALFONSO LLANES,**
**et al.,**

        Plaintiffs,

**v.**

**WEBECO FOODS, INC. and**
**JOSE TEIJEIRO,**

        Defendants.

_____/

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT</u>**
**<u>JUDGMENT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AND</u>**
**<u>ATTORNEYS' FEES AND COSTS FOR COLLECTION (D.E. 29) AND</u>**
**<u>ENTERING FINAL DEFAULT JUDGMENT IN FAVOR OF PLAINTIFFS</u>**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Final Default Judgment Against Defendants, Jointly and Severally, and Attorneys' Fees and Costs for Collection, ("Motion," D.E. 29), filed June 29, 2015. Defendants filed a Response on July 8, 2015, ("Response," D.E. 31), to which Plaintiffs filed a Reply the same day, ("Reply," D.E. 32).

On April 28, 2015, the Parties filed a Joint Motion for Approval of Parties' Settlement Agreement and Stipulated Dismissal with Prejudice. (D.E. 27.) The Settlement Agreement called for Defendants to pay a total sum of $45,000 to Plaintiffs' counsel's client trust in twenty-four monthly installments, with the first installment due no later than May 8, 2015. (D.E. 27-1 at 2.) Twenty-three of the twenty-four

installments called for a payment of $1,458.33 and were to be paid no later than the 8th

of the month.  (Id.)  However, the second installment payment was to be $10,000 and

paid no later than June 5, 2015.  (Id.)  The payments were to be delivered to Plaintiffs'

counsel.  (Id.)

The Settlement Agreement contains a Payment Default provision which states, in

relevant part:

> Should Defendants . . . fail to make a payment of the Settlement Funds as
> described above, . . . Plaintiff's counsel shall give written notice via e-mail
> to Defense Counsel . . . .  In the event that Defendants . . . cure the breach
> within seven (7) days of receiving the written notification, Defendants . . .
> shall pay the outstanding breached amount and an additional . . . $1,500.00
> . . . .  In the event that Defendants . . . fail to cure said breach within seven
> (7) days of receiving written notification, a final default judgment shall be
> entered against Defendants, jointly and severally, in the total amount of . . .
> $60,000[,] less any payments made.  In the event of a breach, Plaintiff shall
> be entitled to any fees and costs incurred for reasonable attorneys' fees and
> costs for collection.

(Id. at 5.)   On May 4, 2015, the Court entered an Order Approving the Settlement

Agreement pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th

Cir. 1982), dismissing the case with prejudice, and retaining jurisdiction to enforce the

terms of the settlement.  (D.E. 28 at 5.)

On June 8, 2015, Plaintiffs' counsel received $1,458.33 instead of the required

$10,000.  (See Mot. ¶ 5.)  On June 16, 2015, Plaintiffs' counsel sent written notification

via e-mail to Defense counsel at the email addresses set forth in the Settlement

Agreement, putting Defendants on notice that they failed to make payment in accordance

with the Settlement Agreement.  (Id. ¶ 6 (citing Email, D.E. 29-1).)  Plaintiffs state that

Defendants failed to cure the breach within the seven days from the written notice, as

2

required by the Settlement Agreement.  (See id. ¶ 8.)  Thus, on June 29, 2015, they filed the instant Motion in which they request the Court to enter Final Default Judgment against Defendants for the amount of $57,083.34.  On July 2, 2015, Plaintiffs filed a Notice indicating that on July 1, 2015 (after the cure period), Defendants furnished Plaintiffs' counsel with a check in the amount of $11,500.  (D.E. 30.)  Thus, they seek Final Default Judgment in the amount of $45,583.34, plus attorneys' fees and costs.  (Id.)

In their Response, Defendants state that they wrote two checks for the June payment: one for $1,458.33 (which Plaintiffs cashed) and one for $8,541.67 (that was not cashed), for a total of $10,000.  (Resp. ¶ 4.)  They claim that they delivered both checks to Plaintiffs' counsel on June 8, 2015.  (Id. ¶ 5.)  They provide the Declaration of Defendant, Jose Teijeiro, who claims that he wrote and delivered both checks to Plaintiffs' counsel on June 8, 2015.  (See D.E. 31-1 ¶¶ 2-6.)  However, Defendants provide no check stub or other physical evidence (e.g., receipt from Plaintiffs' counsel's law firm, the name of the person Defendants provided the checks to) to corroborate Teijeiro's affidavit.

Upon review of the Motion, Response, Reply and the record, the Court finds that Plaintiffs are entitled to Final Default Judgment.  Even assuming that Teijeiro provided Defendants with two checks totaling $10,000 on June 8, 2015, Plaintiffs' counsel only received one check for $1,458.33, which he cashed.  He then provided Defendants' counsel written notice on June 16, 2015 that June's installment was not received in full. Pursuant to the Settlement Agreement, Defendants had seven days to cure the defect— until and including June 23, 2015—but they failed to do so.  Instead, on June 30, 2015—

3

the day after Plaintiffs filed the instant Motion—Defendants' counsel emailed Plaintiffs' counsel indicating that he had directed his client to "mail out any arrearages . . . ." (D.E. 31-2 at 1.)  The Court finds that Defendants breached their duties under the Settlement Agreement, and that Plaintiffs are therefore entitled to Final Default Judgment pursuant to the Payment Default provision of the Settlement Agreement.  (D.E. 27-1 at 5.)

The Court further finds that Plaintiffs are entitled to reasonable attorneys' fees and costs associated with collection.  See DiFrancesco v. Home Furniture Liquidators, Inc., No. 06-21709-CIV, 2008 WL 54401, at *5 (S.D. Fla. Jan. 6, 2009) (concluding that "reasonable attorney's fees for collecting a final judgment are available under the FLSA").  Indeed, Defendants offer no argument to the contrary.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion for Final Default Judgment Against Defendants, Jointly and Severally, and Attorneys' Fees and Costs for Collection (D.E. 29), is **GRANTED**;

2. Plaintiffs Humberto Alfonso Llanes, Gerardo Gonzalez Garriga, and Luis Orlando Castro c/o the Client Trust of J.H. Zidell P.A. shall have and receive damages from Defendants Webeco Foods, Inc. and Jose Teijeiro, jointly and severally, **$45,583.34** (which amount shall bear interest at the relevant statutory rate from the date of this judgment), less any amounts paid by Defendants since Plaintiffs filed their Notice on July 2, 2015 (D.E. 30), i.e., payments for July, August, and September; and

4

**3.**   Plaintiffs shall have ten (10) days from the date of this Order in which to file a motion for reasonable attorneys' fees and costs associated with collecting the judgment.

   **DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of October, 2015.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**